UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Thomas Harley, #162293, | ) C/A No. 3:11-3350-RBH-JRM |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| Director Byars; Warden Stevenson; D/W Barkley; Dr. Moore; HCA Brown; Dentist McMilliam; Den. Assn Gregg, and Court Clerk McBride, | ) **Order** |
| Defendants. | ) |

This case is before the Court because of Plaintiff's failure to comply with the magistrate judge's Orders of December 20, 2011 and February 1, 2012. (ECF Nos. 8 and 12).

A review of the record indicates that the magistrate judge twice ordered Plaintiff to submit items needed to render this case into proper form within twenty-one days. Each time, the Orders specifically informed Plaintiff that if he failed to do so, this case would be dismissed *without prejudice*. When he failed to submit many of the requested service documents by the time the deadline for their production ran under the terms of the first Order (ECF No. 8), the second "FINAL" Order was issued. (ECF No. 12). Under that second Order, Plaintiff was given specific and detailed directions about what to submit (a summons form and two Forms USM-285) and how to prepare the service documents that were requested. He was specifically informed in two separate places in the Order that this was his "**FINAL OPPORTUNITY**" to bring this case into proper form and was told

that if he did not bring the case "*fully* into proper form within the time permitted by this Order, this case WILL be dismissed . . . ." *Id.* (emphasis added).

The time for Plaintiff's full compliance with the FINAL Order was set for February 27, 2012 and it has now passed; however, Plaintiff only provided the two Forms USM-285 that were requested. Despite having been told twice in two separate Orders to provide a completed summons form listing all Defendants and providing each Defendant's street address for service of process and despite having been clearly informed that he had to do so to bring the case "fully into proper form" and avoid dismissal, Plaintiff never submitted the required summons. He did submit an "Amended Complaint" (ECF No. 16) after the deadline passed for bringing the case into proper form, but he never provided any explanation for his failure to submit the summons form that he was twice requested to provide.

Plaintiff's failure or refusal to fully comply with the clear directions contained in two separate Orders, the last one of which specifically warned him that it was his final opportunity to comply and that failure to fully comply would result in dismissal of this case, subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*). This case cannot stay on the Court's active docket for nearly three months without being brought into proper form, and Plaintiff cannot be permitted to pick and choose which directions in a court order he wants to comply with and which he does not. It is not this Court's obligation to prepare service documents for *pro se* litigants and no case can go forward without service documents for the named defendants.

In light of Plaintiff's failure to bring the case into proper form, the pending Motion for Temporary Restraining Order (ECF No. 3) will not be addressed.

Accordingly, this case is dismissed *without prejudice*. The Clerk of Court shall terminate the Motion for Temporary Restraining Order and shall then close the file.[1]

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 7, 2012
Florence, South Carolina

---

[1] Under General Order, Misc. No. 3:07-5014-JFA, this dismissal *without prejudice* does *not* count as a "strike" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g). If Plaintiff wishes to bring this action in the future, he should obtain new forms for doing so from the Clerk's Office in Columbia (**901 Richland Street, Columbia, South Carolina 29201**).